E. GRADY JOLLY,
Circuit Judge, concurring in the judgment:
I fully appreciate the efficient and judicially economical approach of the majority. I am unable, however, to agree that our precedent or the text of § 1819 requires that state claims cannot be remanded when no party to the case is a successor-in-interest to the FDIC and no federal interests remain in the case. Although the court clearly has jurisdiction over the case, including all state claims, that fact does not in itself mean that the court lacks discretion to remand state claims. Whether to remand is a discretionary matter subject to the abuse of discretion standard. Regan v. Starcraft, 524 F.3d 627, 631 (5th Cir.2008). Once the FDIC and its interests have been dismissed, there is no federal character in the state claims. See FSLIC v. Griffin, 935 F.2d 691, 696 (5th Cir.1991) (justifying continued federal-question jurisdiction based on presence of successor-in-interest to FSLIC). The statute gives original jurisdiction to cases in which the FDIC “is a party.” 12 U.S.C. § 1819(b)(2)(A). The statute does not, through some feat of alchemy, make the case’s state-law claims federal-law claims. Nor does the text “is a party” mean that all state-law claims in any case to which the FDIC ever was a party continue to arise under federal law after dismissal of all federal interests.
Here, I concur in the result reached by the majority because there remain federal usury claims and related state-law claims, which cannot be remanded. Laurents v. Arcadian Corp., No. 94-41183, 1995 WL 625394, at *2, 69 F.3d 535 (5th Cir. Oct. 4, 1995) (setting forth rule that properly removed questions of federal law cannot be remanded under 28 U.S.C. § 1441(c)).